UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| SAMUEL DAVIS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 2:17-cv-00369-WTL-MJD ) |
| YARBER individually and in her official capacity as seargent at the Wabash Valley Correctional Facility, | ) ) ) ) ) |
| Defendant. | ) ) |

**Entry Screening Complaint, Dismissing Insufficient Claims,
and Directing Service of Process**

**I. Background**

Plaintiff Samuel Davis is a prisoner currently incarcerated at Wabash Valley Correctional Facility ("Wabash Valley"). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II. Screening

The complaint is brought under 42 U.S.C. § 1983 and names Sgt. Yarber as the sole defendant. The plaintiff alleges that on or about April 13, 2017, Sgt. Yarber wrote a false conduct report against him in retaliation for the plaintiff filing an offender informal complaint and other grievance/lawsuits against Sgt. Yarber. The plaintiff seeks compensatory and punitive damages and injunctive relief.

The plaintiff requests that the Court grant injunctive relief in the form of an order restoring 45 days of earned credit time and the demotion of credit class which he lost in the course of the disciplinary proceedings initiated by Sgt. Yarber's conduct report. This claim for relief is **dismissed for failure to state a claim upon which relief can be granted** because the exclusive remedy for restoring lost earned credit time, in other words any challenge to the duration of one's confinement, is through a petition for writ of habeas corpus. *Heck v. Humphrey,* 512 U.S. 477, 481 (1994) ("Habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983.").

The plaintiff's claim against Sgt. Yarber in her official capacity is **dismissed for failure to state a claim upon which relief can be granted** because official capacity claims against state employees "are treated as suits against the states themselves," *Vinning-El v. Evans,* 657 F.3d 591, 592 (7th Cir. 2011), and such claims for money damages are barred by the Eleventh Amendment. *See Maddox v. Love,* 655 F.3d 709, 716 (7th Cir. 2011).

The plaintiff's First Amendment retaliation claim for damages brought against Sgt. Yarber **shall proceed.** This is the only viable claim the Court discerns in the complaint. If the plaintiff believes that additional claims were alleged in the complaint but not identified by the Court, he shall have **through November 27, 2017,** in which to identify those claims.

### III. Service of Process

The clerk is **designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendant Sgt. Yarber in the manner specified by *Fed. R. Civ. P.* 4(d). Process shall consist of the complaint (docket 1), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**

Date: 10/27/17

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

SAMUEL DAVIS
962441
WABASH VALLEY CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Electronic Service to:

Sgt. Yarber at Wabash Valley Correctional Facility

**NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.**